By the Court, Bronson, J.
The answering affidavits have brought this case within a narrow compass. As the proof stands, we cannot say that the attorney, or the assignees of the bank judgment, have ever given any instructions for delay, or that they have in any way interfered with the command of the writ to levy and collect the money; unless we infer instructions, against the positive denial of the parties, from the delay which actually took place. To declare the bank execution dormant under such circumstances would be going further than the cases have yet gone, and we think the motion ought not to be granted. In all the cases where the first execution has lost its preference, something was said by the plaintiff or his attorney at the time the execution was issued, or at some subsequent period, from which the sheriff could reasonably infer that he was authorized to give indulgence, instead of complying strictly with the command of the writ. But here no such thing appears. There is nothing but the naked fact that the assignees of the judgment did not rule the sheriff to proceed, or take any other measures to hasten his movements. That only warrants the inference that the assignees acquiesced in the course pursued by the sheriff. But mere acquiescence, without doing or saying any thing to encourage or sanction the delay, we think *234 is not enough to render the execution dormant, (a) In this view of the case it is unnecessary to consider whether the chancery execution was not cut off by the previous assignment by Brown to Davidson.
If the goods which the sheriff sold are not the same which had been levied on before the return day of the bank execution, then of course the sheriff will not pay the money to the owners of that execution. Mr. Rathbone does not need our aid in that matter. We make no order about the application of the money; but leave the sheriff to do his duty.
Motion denied.

 See Knower v. Barnard and others, (5 Hill, 377 ;) Kimball v. Munger, (2 Hill, 364;) Grab. Pr. 382 to 384, 2nd ed.